## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LIBERTY FRUIT CO., INC.,**        ) | |
| ) | |
| **Plaintiff,**        ) | |
| ) | **CIVIL ACTION** |
| **v.**        ) | |
| ) | **No. 05-2084-KHV** |
| **FRESH START ENTERPRISES, INC.**        ) | |
| **d/b/a BAJA FRESH MEXICAN GRILL, et al.,**        ) | |
| ) | |
| **Defendants.**        ) | |
| _____) | |

### ORDER

On March 3, 2005, plaintiff filed a complaint seeking payment from assets under the Perishable Agricultural Commodities Act ("PACA"). On March 16, 2005, plaintiff served defendants Fresh Start Enterprises, Inc. and James R. Essington. (Docs. #13, #14). On March 23, plaintiff served defendant Scott Sander. (Doc. #16). On May 4, the Court granted default judgment against Mr. Essington. On May 17, as to the remaining defendants, the Court ordered plaintiff to show good cause why this case should not be dismissed for lack of prosecution pursuant to Rule 41(b), Fed. R. Civ. P. On May 31, plaintiff filed Plaintiff's Response To Notice And Order To Show Cause (Doc. #24).

In its response, plaintiff states that it has been engaged in discussions with the remaining defendants to resolve the case and that the parties have reached a settlement agreement. Plaintiff has requested that the Court grant a 30-day extension to allow the parties to finalize the agreement. The Court finds that plaintiff has shown good cause why the Court should not dismiss the action for lack of prosecution.

**IT IS THEREFORE ORDERED** that the clerk administratively terminate this action without

prejudice to the rights of the parties to reopen the proceedings for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation. On or before **June 30, 2005**, the parties shall file a stipulation of dismissal signed by the parties above who have appeared in the action, under Rule 41(a)(1) of the Federal Rules of Civil Procedure. If no such stipulation is received within the specified time and the parties have not reopened for the purpose of obtaining a final determination, this order shall constitute, for purposes of Rule 58 of the Federal Rules of Civil Procedure, the Court's entry of final judgment of dismissal with prejudice under Rule 41(a)(2).

Dated this 14th day of June, 2005, at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                Kathryn H. Vratil
                                                United States District Judge